UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW ALLEN CAREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-CV-00860-NCC |
| | ) |
| MARTIN O'MALLEY,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) and 1383(c)(3) for judicial review of the final decision of Defendant Martin J. O'Malley, Commissioner of Social Security ("Defendant") denying the application of Plaintiff Matthew Allen Carey ("Plaintiff") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq*., and 42 U.S.C. §§ 1381, *et seq*.  Plaintiff has filed a brief in support of the Complaint (Doc. 12), Defendant has filed a brief in support of the Commissioner's decision (Doc. 15), and Plaintiff has filed a reply (Doc. 16).  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 6).

### I.  PROCEDURAL HISTORY

Plaintiff protectively filed his applications for DIB and SSI on July 16, 2019, alleging disability beginning on April 8, 2012 (Tr. 223-235).  Plaintiff was initially denied on October 30,

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin J. O'Malley should be substituted, therefore, for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

2019, and he filed a Request for Hearing before an Administrative Law Judge ("ALJ") (Tr. 79-94).  After a hearing, by decision dated August 31, 2022, the ALJ found Plaintiff not disabled (Tr. 7-20).  On May 8, 2023, the Appeals Council denied Plaintiff's request for review (Tr. 1).  Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

## II.  DECISION OF THE ALJ

The ALJ determined that Plaintiff was born on August 21, 1990, and had not attained age 22 as of April 8, 2012, and had not engaged in substantial gainful activity since April 8, 2012, the alleged disability onset date (Tr. 12).  The ALJ found Plaintiff has the severe impairments of obesity, depressive disorder, and anxiety disorder, but that no impairment or combination of impairments meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 13).  After careful consideration of the entire record, the ALJ determined that the Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a), but with the following non-exertional limitations: the Plaintiff can lift, carry, push and/or pull 10 pounds occasionally and less than 10 pounds frequently (Tr. 15).  Plaintiff can stand and/or walk for 2 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday, with normal breaks (*id.*).  Plaintiff can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds (*id.*).  Plaintiff can occasionally balance, stoop, kneel, crouch, and crawl (*id.*).  Plaintiff can occasionally work around hazards (such as unprotected heights and moving mechanical parts) (*id.*).  Plaintiff can perform simple and routine tasks and make simple work-related decisions (*id.*).  Plaintiff can interact with coworkers on an occasional basis and interact with the public on a brief and superficial basis (*id.*).

The ALJ found that Plaintiff has no past relevant work, was 21 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date, that Plaintiff has a limited education, and that transferability of job skills is not an issue because the Plaintiff does not have past relevant work (Tr. 18).  The ALJ further found that considering the Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform, including weight tester, document preparer, and order clerk (Tr. 18-19).  Thus, the ALJ concluded that Plaintiff has not been under disability from April 8, 2012, through the date of the decision (Tr. 19).

### III.  LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled.  20 C.F.R. §§ 416.920, 404.1529.  "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled."  *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)).  In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits.  20 C.F.R. §§ 416.920(b), 404.1520(b).  Second, the claimant must have a severe impairment.  20 C.F.R. §§ 416.920(c), 404.1520(c).  The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ."  *Id*.  "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'"  *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

3

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations.  20 C.F.R. §§ 416.920(d), 404.1520(d).  If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history.  *Id*.

Fourth, the impairment must prevent the claimant from doing past relevant work.  20 C.F.R. §§ 416.920(f), 404.1520(f).  The burden rests with the claimant at this fourth step to establish his or her RFC.  *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled.").  The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past.  20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work.  20 C.F.R. §§ 416.920(g), 404.1520(g).  At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC.  *Steed*, 524 F.3d at 874 n.3.

If the claimant meets these standards, the ALJ will find the claimant to be disabled.  "The ultimate burden of persuasion to prove disability, however, remains with the claimant."  *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *see also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.").  Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence.  *Clark v.*

*Heckler*, 733 F.2d 65, 68 (8th Cir. 1984).  "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion.  *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)).  Weighing the evidence is a function of the ALJ, who is the fact-finder.  *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004).  Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently.  *Krogmeier* 294 F.3d at 1022.

## IV.  DISCUSSION

The Court accepts the facts as set forth in the parties' respective statements of fact and responses.  The Court will cite to specific portions of the transcript as needed to address the parties' arguments.  In his appeal of the Commissioner's decision, Plaintiff raises one issue: Plaintiff argues that the ALJ did not create an RFC that was supported by substantial evidence (Doc. 12 at 1).  Specifically, Plaintiff asserts that the ALJ found the opinion of consultative examiner, Jerry Cunningham, Psy.D. ("Dr. Cunningham") to be persuasive but failed to reconcile the RFC with Dr. Cunningham's conclusions that Plaintiff may have trouble maintaining gainful employment and suffered moderate problems interacting appropriately with supervisors (*id.*).  The Defendant responds that the ALJ reasonably accounted for Plaintiff's

5

mental limitations with a restrictive RFC, but reasonably found that greater limitations were not warranted by the record as a whole (Doc. 15).  The Court finds that the decision denying benefits was not supported by substantial evidence and the Commissioner's denial of Plaintiff's application is remanded for further proceedings.

Dr. Cunningham, after performing a consultative examination on Plaintiff, determined that the Plaintiff would have "moderate problems interacting appropriately with supervisors," and determined that "[Plaintiff] may have trouble maintaining gainful employment based on his presentation and the mental problems (anxiety and agoraphobia) discussed in this session."  (Tr. 513).  The ALJ found the opinion of Dr. Cunningham to be "persuasive as it is consistent with the record and supported by the examination performed." (Tr. 17).  The ALJ then found "it reasonable to limit the claimant's interaction, as he has shown consistent issues with emotional instability that would affect his ability to interact on a more frequent basis without adverse exacerbation of symptoms."  *Id*.  Despite this, the ALJ determined that the plaintiff can perform sedentary work and can perform simple and routine tasks and make simple work-related decisions (Tr. 15).  The ALJ also determined that Plaintiff "can interact with coworkers on an occasional basis and interact with the public on a brief and superficial basis" (*id*.).  The ALJ completely omitted any discussion with respect to Plaintiff's ability to interact with supervisors.

Plaintiff asserts that the ALJ's failure to account for the two aforementioned limitations, after determining that Dr. Cunningham's opinion was persuasive, requires remand so that the ALJ can resolve conflicts between the RFC and persuasive opinion evidence, resulting in an RFC that is supported by substantial evidence (Doc. 12 at 2).  Plaintiff argues that remand is appropriate where an ALJ credits the findings of a medical opinion, but then fails to explain why the limitations in that medical opinion were not implemented in the RFC (*id*. at 4).  Plaintiff

6

further asserts that the ALJ was not required to address Dr. Cunningham's assessment of whether Plaintiff could maintain work because that issue is ordinarily reserved for the Commissioner, but because the ALJ explicitly did so, the ALJ's failure to resolve the ambiguity created requires remand (*id.*).[2]

In opposition, Defendant argues that the ALJ was not required to include every limitation from Dr. Cunningham's opinion just because he found the opinion to be persuasive, and that the ALJ properly determined the RFC based on the record as a whole (Doc. 15 at 3-4). Further, Defendant asserts that the ALJ was not required to explain why each of Dr. Cunningham's opined limitations were not incorporated into the RFC (*id.* at 5). Defendant argues that Dr. Cunningham's "vague" opinion that Plaintiff "may" have problems maintaining gainful employment did not require additional limitations because no specific limitations were identified or described in useful terms, and the ALJ simply considered this opinion with the record as a whole (*id*. at 7). Further, Defendant argues that the ALJ accounted for the limitations assessed by Dr. Cunningham by finding a restrictive RFC and finding that Plaintiff could only perform unskilled work, which, according to Defendant, "by definition," does not require prolonged or frequent contact with supervisors (*id*. at 7-8). Defendant also points to evidence in the record

---

[2] "Statements that an individual is unable to work or perform regular or continuing work are statements on an issue reserved to the Commissioner and are inherently neither valuable nor persuasive." *Simington v. Commissioner of Social Security*, No. 4:21-00615-CV-RK, 2022 WL 4287204, at *3 (W.D. Mo. Sept. 16, 2022) citing 20 C.F.R. § 416.920b(c)(3)(i). Further, "[t]he Eighth Circuit has repeatedly held that at treating physician's opinion that a claimant is 'disabled' or 'unable to work' is not a 'medical opinion' that is entitled to credit under the regulations, because it is an opinion on a question reserved to the Commissioner." *Rooks v. Saul*, 2020 WL 1445723, at *7. In this vein, Dr. Cunningham's statement regarding Plaintiff's ability to maintain gainful employment is inherently not persuasive and the ALJ was not required to analyze or even mention this statement. The fact that the ALJ explicitly included this statement in his opinion, and found it persuasive, yet went on to determine Plaintiff could work, created additional ambiguity that must be avoided. Due to the fact that the ALJ determined Plaintiff could work, he presumably did not give "credit" to this inherently unvaluable and unpersuasive statement, as directed by the law. The Court, therefore, will focus on Plaintiff's argument with regard to the omission from the RFC of a limitation with respect to supervisors.

7

that Plaintiff had no issues getting along with authority figures and indicated having contact with a small group of friends and additional contact with family (*id.* at 7; Tr. 14, 269, 388).

The RFC is the most a claimant can still do in a work setting despite the claimant's physical or mental limitations.  20 C.F.R. § 404.1545(a)(1); *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011).  An ALJ determines a claimant's RFC based on all the relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own description of [his or] her limitations.  *Page*, 484 F.3d at 1043; *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).  Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question.  *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2000); *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000); *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001).  Because it is a medical question, an ALJ's RFC assessment must be supported by some medical evidence of the claimant's ability to function in the workplace.  *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016); *Cox*, 495 F.3d at 619.  An ALJ may not draw upon his or her own inferences from medical reports.  *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000).

For claims like Plaintiff's, filed after March 27, 2017, an ALJ evaluates medical opinions pursuant to 20 C.F.R. § 404.1520c.  These new rules provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources." 20 C.F.R. § 404.1520c(a).  Rather, an ALJ is to evaluate the persuasiveness of any opinion or prior administrative medical finding by considering the: (1) supportability of the opinion with relevant objective medical evidence and supporting explanations; (2) consistency with the evidence from other medical sources and nonmedical

8

sources in the claim; (3) relationship with the plaintiff, including length, purpose, and extent of treatment relationship, whether it is an examining source, and frequency of examination; (4) specialization; and (5) other relevant factors.  20 C.F.R. § 404.1520c(c).

In evaluating the persuasiveness of a medical opinion, the factors of supportability and consistency are the most important for an ALJ to consider, and the ALJ must "explain how [she] considered the supportability and consistency factors … in [the] determination or decision."  20 C.F.R. § 404.1520c(b)(2).  An ALJ's failure to address either the consistency or supportability factor in assessing the persuasiveness of a medical opinion requires reversal.  *Bonnett v. Kijakazi*, 859 Fed. Appx. 19, 20 (8th Cir. 2021) (unpublished) (per curium) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in Regulation, as failure to comply with opinion-evaluation Regulation was legal error)).  ALJs need not explain in their decision how they considered the other factors.  20 C.F.R. § 404.1520c(b)(2).

Defendant's assertion that Plaintiff is requesting that the Court impose a requirement that the ALJ adopt all limitations contained in a persuasive medical opinion is inaccurate; Plaintiff is arguing that once a medical opinion is found to be persuasive, an ALJ must *explain any inconsistencies* between the limitations found in that opinion and the ultimate RFC.  Plaintiff's argument aligns with the Eighth Circuit's position on this issue:

> The Court acknowledges that there is no requirement that an ALJ accept all limitations proposed by a source, even when the ALJ finds the opinion persuasive or gives it significant weight. *See Wolynski v. Kijakazi*, No. 4:21-CV-1158 SRW, 2022 WL 1521619, at *8 (E.D. Mo. May 13, 2022); *Owens v. Saul*, 2020 WL 2319880, at *4 (W.D. Mo. May 11, 2020).  The Court also recognizes that "an ALJ is not required to discuss every piece of evidence submitted." *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). However, the ALJ is not entitled to "pick and choose only evidence in the record buttressing his [or her] conclusion." *Nelson v. Saul*, 413 F. Supp. 3d 886, 916 (E.D. Mo. 2019) (internal quotation marks

9

omitted). *See also Taylor ex rel. McKinnies v. Barnhart*, 333 F.Supp.2d 846, 856 (E.D. Mo. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability.") (quoting *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004)). The Eighth Circuit has also recognized that in some cases, the ALJ's failure to address specific evidence renders this Court "unable to determine whether any such rejection is based on substantial evidence." *Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995). Moreover, Social Security Ruling 96-8p requires that in assessing the RFC, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Soc. Sec. Admin., Policy Interpretation Ruling Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.*

*Bedore v. Kijakazi*, No. 4:22-CV-567-SPM, 2023 WL 6064854, at *4-5 (E.D. Mo. Sept. 18, 2023). The *Bedore* court provided an extensive sampling of cases in which courts have required remand in situations similar to the case at bar:

> Consistent with the above principles, courts have frequently found remand required where an ALJ finds a medical opinion persuasive, yet declines to include some of the limitations found in that opinion in that RFC and does not explain why. *See, e.g., Gann v. Berryhill*, 864 F.3d 947, 952 (8th Cir. 2017) (remanding where the ALJ gave "significant weight" to two medical opinions yet failed to include limitations from those opinions in the RFC or in the hypothetical question posed to the VE); *Wolynski v. Kijakazi*, No. 4:21-CV-1158 SRW, 2022 WL 1521619, at *9 (E.D. Mo. May 13, 2022) (finding error and remanding where the ALJ found the opinion of the non-examining state agency medical consultant "persuasive," yet omitted from the RFC the opined limitation of one- or two-step tasks and instructions, without explaining why); *Batson v. Kijakazi*, No. 20-03251-CV-S-WBG, 2022 WL 501405, at *4 (W.D. Mo. Feb. 18, 2022) ("Because the ALJ found Dr. Allen's opinions to be persuasive, supported by objective evidence, and consistent with the record, the ALJ should have included all limitations set forth by Dr. Allen. Alternatively, if the ALJ chose not to include any of Dr. Allen's limitations, the ALJ should have explained why any excluded limitation was not adopted. Here, the ALJ failed to do either. Thus, the RFC is not supported by substantial evidence."); *Berry v. Kijakazi*, No. 4:20-CV-890 RLW, 2021 WL 4459699, at *9 (E.D. Mo. Sept. 29, 2021) (finding error and remanding where the ALJ omitted from the RFC, without discussion, a limitation to two-step commands that was included in a non-examining psychological consultant's opinion; stating, "Because the ALJ did not provide a reason for rejecting [the psychological consultant's] opinion on the two-step command limitation—while including [the psychological consultant's] other opined limitations in the RFC— the Court would be required to determine in the first instance whether there was

10

>  substantial evidence to support the ALJ's decision to reject that limitation. It is not within the Court's purview to speculate why the ALJ may have rejected certain evidence."); *Masden v. Saul*, No. 4:20-CV-00267-MDH, 2021 WL 3172934, at *2 (W.D. Mo. July 27, 2021) (noting that under SSR 96-8p, "If the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted"; finding remand require where "[t]he ALJ did not explain why, having found Dr. Sullivan's opinions 'persuasive,' she did not include [some of the] limitations [from the opinions] in the RFC").

*Bedore*, 2023 WL 6064854, at *5.

Here, as in the above cases, the ALJ explicitly included in his ruling Dr. Cunningham's opinion that plaintiff would have "moderate problems interacting appropriately with supervisors," and found that opinion persuasive, yet omitted from the RFC a limitation from that opinion. (Tr. 17). The ALJ also explicitly found Dr. Cunningham's opinions were supported by the examination performed, and consistent with the record, and did not provide any reasons for rejecting Dr. Cunningham's findings with respect to Plaintiff's ability to interact appropriately with supervisors[3] (*id.*).

It is possible that the ALJ chose not to adopt the supervisor contact limitation due to the evidence in the record noted by Defendant that Plaintiff did not have any issues getting along with authority figures. It is also possible the ALJ disregarded the limitation for other valid reasons supported by substantial evidence. The ALJ's decision lacks any such discussion, and the Court "cannot speculate 'whether or why an ALJ rejected certain evidence.'" *Bedore*, 2023 WL 6064854, at *5 (quoting *Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995)). As a result, "remand is necessary to fill this void in the record." *Lutz v. Kijakazi*, No. 4:20-CV-1140-SPM, 2022 WL 782300, at *5 (E.D. Mo. Mar. 3, 2022) (quoting *Jones*, 65 F.3d at 104). Otherwise, "the Court would be required to determine in the first instance whether there was substantial

---

[3] Curiously, the ALJ adopts explicit restrictions with respect to Plaintiff's interactions with coworkers and the public but omits any mention of Plaintiff's interaction with supervisors (Tr. 17).

11

evidence to support the ALJ's decision to reject that limitation.  It is not within the Court's purview to speculate why the ALJ may have rejected certain evidence." *Berry v. Kijakazi*, No. 4:20-CV-890 RLW, 2021 WL 4459699, at *8 (E.D. Mo. Sept. 29, 2021) (citing *Jones*, 65 F.3d at 104).  The record before the Court is inadequate to permit meaningful review as to whether the decision to omit the limitation from the RFC was supported by substantial evidence. *See Kenneth J.V. v. Kijakazi*, No. 22-cv-373 (KMM/DJF), 2023 WL 2394397, at *9 (D. Minn. Jan. 27, 2023).

The Court also agrees with Plaintiff that the ALJ's error does not appear harmless.  A remand is not necessary "if the ALJ's failure to explain the rationale for his omission of an explicit limitation [] would have no impact on the outcome of the case." *Kenneth*, 2023 WL 2394397, at *9.

Plaintiff asserts that the ALJ's failure to reconcile Dr. Cunningham's opined limitations caused harm because mental limitations that interfere with an individual's ability to communicate with supervisors undermines the ability to perform even unskilled work (Doc. 12 at 7).  Defendant argues that the ALJ's finding that the Plaintiff could only perform unskilled work accounted for Dr. Cunningham's opined limitation because it is the least demanding type of work possible, requires working with things rather than data or people, and "by definition" does not require prolonged or frequent contact with supervisors (Doc. 15 at 7-8).

Defendant fails to support his position that a finding that Plaintiff could only perform unskilled work is equivalent to a limitation with respect to interaction with supervisors.  In fact, the Social Security rulings cited by the Defendant provide otherwise.  According to SSR 85-15, "[t]he basic mental demands of competitive, remunerative, **unskilled work** include the abilities (**on a sustained basis**) … **to respond appropriately to supervision**." 1985 WL 56857, at *4

12

(emphasis added).[4]  Further, "[a] substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base.  **This, in turn, would justify a finding of disability** because even favorable age, education, or work experience will not offset such a severely limited occupational base." *Id.* (emphasis added).  Defendant also cites Program Operations Manual System (POMS) DI 25020.010 § (B)(3), 2001 WL 1933437, which essentially restates the premise above, adding that "the inability to meet these demands would justify a finding of inability to perform other work."[5]

There is not enough evidence in the present administrative record to conclude unskilled work, including the positions of weight tester, document preparer, or order clerk necessarily incorporate a sufficient limitation with regard to a moderate problem interacting with supervisors.  *C.f. Kenneth*, 2023 WL 2394397, at *11.

Notwithstanding the lack of evidence noted above, the ALJ's error in failing to explain his rationale can be deemed harmless if the ALJ posed a hypothetical to the vocational expert ("VE") that addresses the limitations that were excluded from the RFC.  *Reid v. Colvin*, No. 2:14-cv-04295-MDH, 2016 WL 502063, at *3 (W.D. Mo. Feb. 8, 2016).  Here, the VE's testimony was based on the ALJ's hypothetical, which, like the opinion, omitted any mention of interaction with supervisors (and only mentioned interaction with coworkers and the public) (Tr. 48).  The ALJ can only rely on the VE's testimony "where the ALJ offers a *properly phrased* hypothetical to the VE, and the VE testifies in response to that hypothetical."  *Kenneth*, 2023 WL 2394397, at *11 (quoting *Holley v. Astrue*, 4:08-CV-04010, 2008 WL 5381313, at *4 (W.D. Ark.

---

[4] Plaintiff cites similar guidance SSR 96-8p, which provides that any and all work requires the ability to "respond appropriately to supervision" (Doc. 16, quoting 1996 WL 374184, at *6).
[5] Plaintiff also calls cites the Program Operations Manual System (POMS), which describes one of the mental abilities needed for any job as the capacity for "responding appropriately to supervision."  (Doc. 16 at 7, citing POMS DI 25020.010(B)(2), POMS DI 25020.010(B)(2)(c).

13

Dec 22, 2008) (emphasis in original) (citing *Page*, 484 F.3d at 1045).  In turn, the Court cannot conclude from the VE's testimony that the error was harmless because the testimony the ALJ relied on was based on an incomplete or potentially flawed hypothetical.  *Kenneth*, 2023 WL 2394397, at *11.

For all of these reasons, the Court finds remand is required.  On remand the ALJ should consider all of the functional limitations in Dr. Cunningham's opinion and should either incorporate those limitations into the RFC or explain why an excluded limitation was not adopted.  *See Bedore*, 2023 WL 6064854, at *6.  Further, on remand, the ALJ may obtain new testimony from the VE based on a hypothetical that incorporates appropriate limitations.  *See Kenneth*, 2023 WL 2394397, at *11.

## V.  CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's decision is not supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REVERSED AND REMANDED** to the Commissioner pursuant to 42 U.S.C. § 1383(c)(3) and Sentence Four of 42 U.S.C. § 405(g) for further consideration in accordance with this Memorandum and Order.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 19th day of September 2024.

      /s/ Noelle C. Collins  
NOELLE C. COLLINS  
UNITED STATES MAGISTRATE JUDGE